Stein, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: 8/7/09
```

---

SECURITIES AND EXCHANGE COMMISSION,

                  Plaintiff,

        v.

EDWIN BUCHANAN LYON, IV,
GRYPHON MASTER FUND, L.P.,
GRYPHON PARTNERS, L.P.,
GRYPHON PARTNERS (QP), L.P.,
GRYPHON OFFSHORE FUND, LTD.,
GRYPHON MANAGEMENT PARTNERS, L.P.,
GRYPHON MANAGEMENT PARTNERS III, L.P.,
and
GRYPHON ADVISORS, L.L.C.,

                  Defendants.

06-CV-14338 (SHS)

---

## FINAL JUDGMENT AS TO EDWIN BUCHANAN LYON, IV, ET AL.

The Securities and Exchange Commission having filed a Complaint and Defendants

Edwin Buchanan Lyon, IV, Gryphon Master Fund, L.P., Gryphon Partners, L.P., Gryphon

Partners (QP), L.P., Gryphon Offshore Fund, Ltd., Gryphon Management Partners, L.P., Gryphon

Management Partners III, L.P., and Gryphon Advisors, L.L.C. ("Defendants") having entered a

general appearance; consented to the Court's jurisdiction over Defendants and the subject matter

of this action; consented to entry of this Final Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions

of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

2

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Lyon and Defendant Gryphon Advisors, L.L.C. are jointly and severally liable for disgorgement of $66,712, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $33,850, and a civil penalty in the amount of $310,288 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Lyon and Defendant Gryphon Advisors, L.L.C. shall satisfy this obligation by paying $410,850 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Edwin Buchanan Lyon, IV and Gryphon Advisors, L.L.C. as defendants in this

3

action; setting forth the title and civil action number of this action and the name of this Court;

and specifying that payment is made pursuant to this Final Judgment. A copy of this letter and

payment shall also be delivered to or mailed to James A. Kidney, Securities and Exchange

Commission, 100 F Street, N.E., Washington, DC 20549-4010. Defendants shall pay post-

judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall

remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

Gryphon Master Fund, L.P., Gryphon Partners, L.P., Gryphon Partners (QP), L.P., Gryphon

Offshore Fund, Ltd., Gryphon Management Partners, L.P., and Gryphon Management Partners

III, L.P. are jointly and severally liable for disgorgement of $243,576, representing profits gained

as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in

the amount of $123,590. Defendants Gryphon Master Fund, L.P., Gryphon Partners, L.P.,

Gryphon Partners (QP), L.P., Gryphon Offshore Fund, Ltd., Gryphon Management Partners, L.P.,

and Gryphon Management Partners III, L.P. shall satisfy this obligation by paying $367,166

within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's

check, or United States postal money order payable to the Securities and Exchange Commission.

The payment shall be delivered or mailed to the Office of Financial Management, Securities and

Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria,

Virginia 22312, and shall be accompanied by a letter identifying Gryphon Master Fund, L.P.,

Gryphon Partners, L.P., Gryphon Partners (QP), L.P., Gryphon Offshore Fund, Ltd., Gryphon

Management Partners, L.P., and Gryphon Management Partners III, L.P. as defendants in this

4

action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of this letter and payment shall also be delivered to or mailed to James A. Kidney, Securities and Exchange Commission, 100 F Street, N.E., Washington, DC 20549-4010. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2009

THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

5